**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV 05 2024

KEVIN P. WEIMER, Clerk
By _____ Deputy Clerk

Lisa Brittian

    Plaintiff,

v.

Jesse Cole Kent, Individually

    Defendant.

**1 : 2 4 -CV- 5 0 7 8**

Civil Action File No:

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff Lisa Brittian pro- se, respectfully alleges for her Complaint Jury Demand as follows:

## INTRODUCTION

On February 3, 2023, Brittian entered into a written contract with attorney Jesse Cole Kent for representation in the amount of $3000.  Ms. Brittian is a black, God- fearing, God - serving unmarried woman, who to supplement her income by consigning her personal property in Consignment boutiques.

Unfortunately, after more than ten years of consigning, in October of 2022, Brittian had a business dispute with a consignment boutique that could not be resolve without, help from the Court, therefore, Brittian filed a small claims action in Magistrate Court. Brittian lost and decided to appeal the decision. Because she lost Brittian decided to consult with some attorneys about her options first.   Brittian spoke with a few lawyers including attorney Jesse Cole Kent. Brittian and Kent discussed her matter in full details, after discussing the matter and based on Kent's representations, Brittian hired Kent to represent her in a civil matter. Kent presented a contract to Brittian that he represented Brittian must sign in order to effectuate his promise to her.  Brittian signed the contract based on Kent's representations. Unbeknownst to her, the contract allowed Kent to defraud Brittian out of $3000, by performing little to no work. The contract also prevented Brittian from enjoying all benefits of the contract including performance and enforcement, and termination.

Shortly after hiring Kent, Brittian terminated him, requested a portion refund, that she qualified for, she was denied, because of her race, (Black), but for Brittian's race Kent would have return a portion of her retainer fee.

Kent's "NON- REFUNDABLE" contract language also deprived Brittian the freedom to enjoy the same benefit of a refund of unearned money when she terminated his services as his white clients.

Brittian now bring claims for violation of her Constitutional Right to be free of race discrimination under 42 U.S.C. § 1981, Fraud in the Inducement, Fraud, and State court torts for emotional distress.

### I.    PARTIES, JURISDICTION AND VENUE

1. At all times relevant to this Complaint, Plaintiff Lisa Brittian ("Brittian" or "Plaintiff") is a legal resident in the State of Georgia.

2. Defendant Jesse Cole Kent ("Defendant" or "Jesse") is an attorney admitted to practice law in Georgia, and a resident in the State of Georgia and may be served at 1628 Canopy Chase Northeast Brookhaven, Ga. 30319.

3. This court has jurisdiction over this civil action pursuant to 42 U.S.C. § 1981 because it arises under a statute of the United States, specifically section 1981 of the Civil Rights Act of 1866, 42 U.S.C.§ et. esq., as amended, ("Section 1981") which forbids racial discrimination against any person in the making, enforcing, and termination of contracts.

4. Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 (a) over any and all state law claims and causes of action that derive from the same nucleus of operative facts are part of the same or controversy that gives rise to the federally- based claims and causes of action.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1331.

### II.    ADMINISTRATIVE EXHAUSTION

6. Section 1981 is a federal statute that addresses issues related to discrimination. It applies to various contractual relationships including business contracts and focuses on protection against discrimination based on race and ethnicity.

7. However, no administration exhaustion is required before individuals can bring private lawsuits seeking remedies for harm suffered, including damages, injunctive relief, and attorney's fees. Fort Bend City, Tex v. Davis,139 S. Ct. 1843,1850-51 (2019).

8. There is no cap on compensatory and punitive damages under Section 1981.

### III.    FACTUAL ALLEGATIONS

9. Plaintiff Lisa Brittian is fifty years of age, a Georgia resident.

10. Ms. Brittian is also a Black woman.

11. Ms. Brittan earned her degree in Business Administration.

12. Ms. Brittian currently works as a Managing Partner at a Real Estate Investment Company in Atlanta, Ga.

13. Ms. Brittian prays daily and attends worship services regularly.

### IV.    FIRST CLAIM FOR RELIEF

## Violation of 42 U.S.C. § 1981 Kent's Contract Discriminates Against Lisa Brittian on The Basis of Race in Performing, Terminating, Enforcing or Otherwise Enjoying All Benefits, Privileges, Terms and Conditions of The Contract

14. Plaintiff repeats, realleges, and fully incorporates by reference each and every allegation contained in paragraphs 1 through 13 of this Complaint as though such allegations were fully set forth herein.

15. Brittian hereby incorporates all paragraphs of this Complaint as fully set forth herein.

16. Section 42 U.S.C. § 1981 (a), (b). Section 1981's prohibition against racial discrimination in the making and enforcement of contracts applies to all phases and incidents of the contractual relationship, including discriminatory contract terminations.

17. Brittian a black female and a member of a protected class who in February of 2023 hired the Defendant to represent her in a civil matter for $3000.

18. Georgia attorney Defendant, a white male, making a "Non – Refundable" contract did discriminate against Brittian, a Black female, because it deprived her of the right to be free from discriminatory treatment in the making, performance, enforcement and termination of the contract, as his white clients but for Brittian's race she would have received a refund.

19. Defendant's non- refundable contract did discriminate against Brittian because she was unable to perform, modify, terminate or otherwise enjoy all benefits, privileges, terms, and conditions of the contractual relationship because of her race.  Domino's Pizza, Inc. v. McDonald, 546 U.S. 470 (2006). But for Brittian's race, she was treated differently when she requested a refund from Kent.

20. A non- refundable contract in the State of Georgia is INVALID, a non – refundable contract for black citizens/ clients in Georgia is a violation of 42 U.S.C. § 1981, because it violates their Civil Rights to be free from racial discrimination, it also prevents black clients/ citizens from enjoying the benefit of a refund of unearned money because of their race but is enjoyed by white citizens/ clients.

21. Section 1981 (a) states in relevant part as follows: All persons within the jurisdiction of the United States shall have the same right in every State and Territory to 'make enforce and terminate contracts.... as is enjoyed by white citizens.

### V. SECOND CLAIM FOR RELIEF
### Fraud in The Inducement

22. Plaintiff repeats, realleges, and fully incorporates by reference every allegation contained in paragraphs 1 through 21 of this Complaint as though such allegations were fully set forth herein.

23. A tort for fraud including fraudulent inducement has five elements: (1) false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff.

24. Fraud in the inducement occurs when one party induces another to enter into a contract by misrepresenting a material fact.

25. Defendant's maliciously false statements about his non- refundable fee language was made to induce Brittian into signing the contract, Defendant intended to conceal material information from Brittian to obtain the $3000 short- term retainer fee.  Defendant told Plaintiff that the non- refundable fee meant, if she lost the Appeal, she would not receive a refund. This was false, Brittian relied on this false information, as a result she suffered a monetary loss in the amount of $7500.

26. Plaintiff notified Defendant that the contract/ document was invalid and discriminated against her, she demanded a refund and documentation evidencing the refund payment.

27. Defendant acknowledged Plaintiff's refund demand and agreed to pay Brittian on or before October 11, 2024, Brittian relied on his false misrepresentation, it was material information promising to settle their dispute, Plaintiff never received the money from Defendant , instead Defendant resulted in harassing Brittian by phone, in one day on October 10,2024, by calling Brittian 10 times, and calling a relative of Plaintiff without her permission to contact. Plaintiff also has video and recording evidence.

28. Defendant committed Fraud when he misrepresented to Brittiian that he would see the civil matter Appeal through to completion for $3000. Defendant made these misrepresentations to induce employment, deceived Plaintiff of $3000, when Plaintiff terminated the Defendant, the appeal remained uncompleted. As a result, Plaintiff suffered monetary damages and litigation delays, which pressured Plaintiff to accept a settlement substantially below the amount to which she would have been entitled.

29. Defendant committed fraud when he made certain statements to Plaintiff which misrepresented that the non- refundable retainer fee language in his contract meant that, at the end of Brittian's appeal stage, if it did not end in her favor, she would not receive a refund, Plaintiff relied on this material information, concerning the non- refundable retainer fee contract language, she trusted Defendant without any suspicion. As a result, Brittian was defrauded out of

$3000, and damaged in an amount to be determined at trial, but for Defendant's actions Brittian would not have suffered harm.

30. Defendant committed Fraud when by failing to disclose material information to Plaintiff at the initial meeting at Whole Foods market, that his law partner attorney Doug Lewis was recently murdered inside their shared law office and the building set on fire by a former client, to induce employment. This information was material for Plaintiff to make a sound decision on whether she wanted to move forward with retaining an attorney involved in such disturbing violence. But for Defendant's malicious intentions Plaintiff would have never signed the contract. As a result, Brittian suffered damages in the amount of $7500.

## VI.THIRD CLAIM FOR RELIEF
## FRAUD/ DECEIT AND MISREPRESENTATION
### Defendant Committed Fraud Against Lisa Brittian

31. Plaintiff repeats, realleges, and fully incorporates by reference each and every allegation contained in paragraphs 1 through 31 of this Complaint as though such allegations were fully set forth herein.

32. To prevail on a Fraud, claim Plaintiff must show: (1) that the defendant made the representations; (2) that at the time he knew they were false; (3) that he made them intending to deceive the plaintiff; (4) that the Plaintiff justifiably relied on the representations; (5) that the plaintiff sustained the alleged loss and proximate result of its having been made.

33. A claim for Fraud does not call into question the professional standard of care applicable to attorney's since it is improper for anyone to defraud another person.

34. To establish a claim for Fraud, plaintiff must show that actual damages, not nominal damages, flowed from the Fraud alleged.

35. Defendant committed fraud by making a false misrepresentation to Brittian, that he would get a judgment for the money Plaintiff was owed, unjust enrichment and attorney fees on appeal. Brittian relied on this misrepresentation without suspicion. The Defendant knew when he made the representation, it was false, intending to deceive Brittian out of $3000. As a result, Plaintiff suffered monetary damages from Defendant refusal to obtain a $15,000 judgement. Glynn County Fed. Employees Credit Union v. Peagler, 256 Ga. 342-344 (1986).

36. Defendant committed fraud by making a misrepresentation to Brittian that he worked 17.45 billable hours on her case, the extremely high bill for such a short-term retainer contract emphasized his financial needs, at the time Defendant made these misrepresentations he knew they were false; the misrepresentations

were made to deceive Brittian, who relied on these misrepresentations. As a result of these misrepresentations Plaintiff suffered monetary damages as a direct cause in the amount of $3000 from Defendant's refusal to act without malicious and deceit. Parrish v. Jackson W. Jones., P.C.278 Ga. App. 645, 647-648 (2) (2006).

37. Defendant committed Fraud by making a misrepresentation to Plaintiff without any intention of fulfilling it. Defendant knew when he made the misrepresentation it was and intended to deceive Plaintiff, knowing that Plaintiff relied on the information, as a result Plaintiff suffered monetary damages in the amount of $7500.

38. Defendant has public reviews highlighting other fraudulent conduct with other customers, including Clara C, who on July 26,2023 wrote on YELP, "Jesse is not diligent, competent, or professional in any way. Trust these other reviews and run".

39. On February 12,2023, Aaron D wrote on YELP, "my experience with Jesse and his firm was by far the worst I have ever had with an attorney! After Jesse received the $1500 retainer, he did very little work on my case. I called him twice (once a week) for updates on my case, and both times he spoke to me in a very condescending and patronizing manner. He blatantly told me not to call him and that he'd call me with updates. It appears that after he took my money, he simply didn't want to be bothered. This practice, however, doesn't appear to be an anomaly and is consistent with other reviewers' experience. Jesse failed to resolve my matter, so I had to resolve it myself. Yet, when I requested a refund and alerted him that I will be writing a negative review, he not only threatened to sue me if I wrote a review, but he concocted a lie. When that didn't appear to, he threatened to pursue legal remedies if I posted a negative review about him or his law firm. Jesse then offered me a refund of $750 if I didn't write a review which I declined and requested $1000 because I didn't believe he had done even $750 of work on my case. Jesse refused and claimed my right to request a refund is extortion even tho it was his idea to offer $750 in exchange for waiving my constitutional right to write a review. A claim he knows is absolutely bogus. I have never encountered a less unprofessional attorney than Jesse. He is arrogant, rude, extremely condescending and a horrible attorney".

40. On April 28,2023, Frankie R. wrote on YELP, "Jesse is rude, condescending and very unprofessional"! "Stay away from his firm".

41. On July 11,2019, Kousee L. wrote on YELP, "Warning……. These guys are a bunch crooks in suits"!!

## VII. FOURTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42. Plaintiff repeats, realleges, and fully incorporates by reference each and every allegation contained in paragraphs 1 through 38 of this Complaint as though such allegations were fully set forth herein.

43. The Defendant's knowledge of a Plaintiff's particular susceptibility to injury from emotional distress is often critical in weighing the extreme and outrageous character of conduct, i.e., the conduct may become heartless, flagrant, and outrageous when the actor proceeds in the face of such knowledge where it would not be so if he did not know. Williams v. Voljavec, 202 Ga. App. 580, 415 SE 2d (1992).

44. On October 10, 2024, the Defendant made ten consecutive phone calls to Plaintiff's cell phone, after Brittian had blocked his calls, he continued to call her cell phone. The defendant's conduct was outrageous and extreme, and conducted with reckless indifference to the likelihood that emotional distress would result and were intentional toward Plaintiff and intended to cause her emotional distress. Therefore, constitutes the tort of intentional infliction of emotional distress.

## VIII. FIFTH CLAIM FOR RELIEF
### BAD FAITH SECTION § 13-6-11

45. Plaintiff repeats, realleges, and fully incorporates by reference each and every allegation contained in paragraphs 1 through 41 of this Complaint as though such allegations were fully set forth herein.

46. Pursuant to O.C.G.A. §13-6-11, Plaintiff may seek her attorney's fees and litigation expenses if a Defendant has acted in "bad faith", has been stubbornly litigious, or has caused the Plaintiff unnecessary trouble and expense. Nash v. Reed A18A1707, WL 1123530 Ga. Ct. App. (2019)

47. Bad Faith refers to how the Defendant treated the Plaintiff during the transaction at issue. That is, "bad Faith" describes the Defendant's behavior during the transaction out of which the lawsuit arose. Intentional conduct can support a claim for "bad Faith".

48. Here, Defendant has acted in bad faith within the meaning of O.C.G.A. §13-6-11. Specifically, Defendant entered a contract with no intention of ever fulfilling its terms, misrepresented material information, lied, misled, deceived and harassed Plaintiff.

49. Under Georgia law, Plaintiff is entitled to the expenses of litigation where the Defendant has acted in bad faith, has been stubbornly litigious, or has caused the Plaintiff unnecessary trouble and expenses.

## PRAYER FOR RELIEF

Wherefore, Plaintiff pray that this Court enter judgement against Defendant, as follows.

A. An award of compensatory damages for the acts complained of herein, in an amount to be proven at trial.

B. For special damages as permitted by law.

C. For Punitive damages in an amount to be proven at trial.

D. For such pre- and – post judgement interest as permitted by law; and

E. Sure, further, and other relief as the Court deems just and proper.


Respectfully submitted this 5th day of November 2024.

Lisa Brittian
Pro- Se/ Plaintiff
P.O. Box 90021
Atlanta, Georgia 30364
229-633-3703
blatreass@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the Foregoing COMPLAINT FOR DAMAGES by personally filing same with the Clerk of the Court using the CM/ ECF system, which will send notification, via email, of such filing to all counsel of record, and placed a copy in the US mail with the proper stamps affixed on the 5th day of November 2024.

Jeese Cole Kent
1628 Canopy Chase Northeast
Brookhaven, GA 30319

Dated this 5th of November 2024.

Lisa Brittian
Pro- Se / Plaintiff
P.O. BOX 90021
Atlanta, Ga 30364

## AFFIDAVIT OF LISA BRITTIAN

I, Lisa Brittian, being over the age of eighteen and of sound mind do hereby affirm as follows:

2. My name is Lisa Brittian. I am an adult citizen over the age of twenty-one. The Statements Made in this Affidavit are based upon my personal knowledge.

3. I am a Black woman and a member of a protected class.

4. In February of 2023, I hired Georgia attorney, Jesse Cole Kent, a white male to represent me in a civil appellate matter. I paid him three thousand dollars in cash and signed a written contract for his representation.

5. Shortly after retaining Jesse Cole Kent, I fired him for Fraud amongst other things and requested a portion retainer fee refund.

6. Jesse Cole Kent denied me a refund, claiming his contract states non- refundable.

7. Jesse Cole Kent denied me a refund because of my race, black.

8. The contract drafted by Jesse Cole Kent violated my Civil Rights to be free from discrimination.

9.The contract prevented me from enjoying all the benefits, privileges, terms, and conditions of the contractual relationship because of my race.

10. Jesse Cole Kent used Fraud to trick me into signing the contract and defrauded me out of $3000.

11. Jesse Cole Kent told me lies about the contract language meaning to induce employment.

12. Jesse Cole Kent failed to disclose to me that his law partner Doug Lewis had been violently murdered and the entire law office set a fire, had I known this information I would not have retainer him.

13. Jesse Cole Kent's actions and conduct caused me to suffer monetary, compensatory, and punitive damages, I also suffered emotional distress.

Under penalty of perjury, I hereby declare and affirm that the above-mentioned statement is, to the best of my knowledge, true and correct.

Dated this 23rd day of October 2024.

LISA BRITTIAN

# EXHIBIT A



RETAINER AGREEMENT
for LIMITED LEGAL SERVICES
-and REPRESENTATION-

Date: 2-6-2023

**Client(s):** ___Lisa Brittian___ (enter your name in the space to the left)
**Attorney(s):** Jesse C. Kent and The Kent Law Group, LLC

Client agrees to retain Jesse C. Kent and The Kent Law Group, LLC (hereinafter, Attorneys) to represent you in a matter generally described as follows:

[ ] **Criminal** _____

[ x ] **Civil** ___Appeal from Magistrate Court Judgment that went in favor of Defendant___

As such, you agree to the following terms:

The attorney's fee is based upon the amount of time I devote to your case. It is impossible to determine in advance how much time will be needed. In addition to me, it may be necessary for other professionals in my office to work on your case, and it may be necessary for me to consult with or hire on outside professionals to work on your case.

I will use my best judgment to determine the most economical use of my time and the time of the staff involved. You will be billed for all time spent on your case including conferences, telephone calls, pretrial discovery, trial preparation, document drafting, correspondence and pleadings, negotiations, legal research, court time, and travel to and from locations away from my office. Time is billed in quarters of an hour (.25). This means that the minimum amount of time you are billed for any activity on your case will be fifteen (15) minutes, as one-quarter of an hour is the equivalent of fifteen (15) minutes. By way of example, if my office emails you, that activity will be billed at fifteen (15) minutes (.25/hour) at the very least. Your response will be billed in the same manner.

Any figures I quote you for the total cost of my services are merely estimates. Your adversary, the opposing attorney, pro se litigant, or state's prosecutor, may engage in activities beyond my control that require time that was not originally contemplated. You may receive an itemized hourly bill from time to time. The amount that you owe will be clearly identified. This is the amount that exceeds what you have already paid, as we will have already taken into account the amount you have already paid. I will not bill you for the fees owed if those fees are already covered by your initial retainer, but I will have a time-log indicating the total amount of time invested in your case for that time nonetheless.

Judge Inman

ᵗ *(initials)*

1

This contract is long for a reason. It is necessary to ensure that each of us knows what is expected of the other. I also know that you will probably feel that this contract focuses heavily on my concern with getting paid for the work I do for you. This contract is not a judgment of you, it is not a judgment of your fiscal ability to make payments in a timely manner, and it is not a judgment of your credit history. Rather, this contact is based on my business experience, my legal experience, and my trial experience. I will not lend you money. I will not finance your case. I will not do work for you unless and until I am paid to do so.

Your cooperation is very important. You alone must inform me immediately of any change of address, telephone number, employment changes, or changes in your circumstances. Full disclosure of all facts is essential to enable me to properly represent you. You must promptly fill out and return all papers when I ask you to. You must pay your bills immediately upon receipt. If you do not, I have the authority to withdraw from your case. On the happening of such, you alone will be responsible for every aspect of your case, and your case will be left in exactly the same posture it assumed the minute before I withdrew. You promise to read everything I send you, and to ask questions if you do not understand something.

*(fees and payment methods continued on following page)*

_(initials)_

2

## ATTORNEY'S FEES and PAYMENT METHOD

I do not represent clients on a fixed-fee basis. I charge $250 per hour for all legal work, and $50 per hour for travel time. I alone control whether to forgo billing you for a particular item, work done, or travel time. A retainer is like gas in a gas tank – I will use it and bill against it so long as there is money to bill against, but when it gets low you will be obligated to replenish it. The retainer is typically replenished at the full amount shown below.

[ x ] **You agree to pay a non-refundable retainer fee**.

Fee amount: ____ $ 3,000.00 *paid in full prior to signing

This sum is considered by you and me to be earned upon payment. It will never be refunded to you in any circumstance. This fee is the fee you pay for me to take on your case. If I resolve your case twenty (20) seconds after you pay, you will not be refunded the difference. You have been given the opportunity to negotiate for a different fee and retainer agreement, but you have elected this arrangement. In other words, with payment of this sum, you have purchased a certain amount of my time which I warrant I am ready, willing, and able to expend on your case. If you decide to seek other legal representation, if you decide to ignore my advice, if you settle your case on your own, or if you fire me seconds after paying me, no amount of this sum labeled as "Fee amount" will be returned to you.

**Payment method:** [ x ] electronic    [ ] cash    [ ] money order/certified funds    [ x ] check

## ADDITIONAL COSTS

You agree to pay all costs of your case, including court costs and expenses such as filing fees, service of process fees, depositions, appraisals, witness or consultant fees for accountants, counselors, and other experts, even if not named herein. By this agreement, you are appointing me to make expenditures and retain experts for amounts that I deem to be in your best interest. I may advance these costs, or I may, at my sole discretion, require that you deposit sufficient sums with me before the fee is paid or the expert is retained. If I require you to pay this fee, you will pay it to me within a specified time period. If you do not, I will not continue working on your case and will withdraw. I may submit third party invoices directly to you during litigation. You will likewise be required to pay these invoices immediately. If you do not and I thereby have to pay it for you, I will charge you an additional fifty percent (50%) markup on that invoice based on the amount owed in the invoice.

## INVOICES FOR LEGAL SERVICES

I may submit an invoice to you for immediate payment. That invoice may be submitted to you electronically, via mail, or in person. All invoices are due upon receipt. That means when you open the invoice and read it, payment is due. The next step you need to take is to contact my office to arrange full payment. I do not negotiate invoices. I may invoice you monthly, or, if I deem appropriate, I may invoice you at the conclusion of representation. I will use my best judgment, as indicated herein, to make the best use of the time you are to be billed for in order to

_(initials)_

3

ensure that you are fairly billed. If you do not pay the invoice within ten (10) days after you receive it, I will withdraw from representation and pursue all legal remedies available to me to recover payment, including, though not limited to, filing a lien or, if necessary, filing suit against you. Make no mistake about it – if my bill isn't important enough for you to pay, your file isn't important enough for me to work on.

## TELEPHONE CALLS, EMAILS, AND TEXT MESSAGES

I am your attorney, and you should expect that I will be available to communicate with you about your case. I will communicate with you. Regardless of who initiates the communication, I will bill for the time communicating with you. I bill every telephone call and every text message at .10 hours. That's a tenth of a whole, not a tenth of an hour. Ten calls or ten texts equals one whole billable unit. I bill emails on regular time, quarters of an hour, or .25. One email, whether from you or from me to you or someone else concerning your case is billed at .25 of an hour. I bill $250 per hour. There are no exceptions. I bill this way for communication in an effort to keep you bill low, but you will be billed, and communication does add up over time. If I billed calls and texts as I do emails, the bill for those texts and calls would be more than twice what you are actually billed. I will use my best judgment when communicating with anyone concerning your case in an effort to keep your bill low.

## THIS CASE AND THIS CASE ONLY

You hired me to represent you in this case only. Often, you may be required to undertake other actions in a separate matter to resolve the current case. If you want me to assist you in the separate matter, you must hire me in that separate matter, and I do not represent you in that separate matter by default. Common examples include, but are not limited to, a QDRO in a divorce case, collections on a judgment, filing of a contempt after a divorce or other order is entered, and an appeal of ruling or verdict against you.

If your case is appealed, I do not represent you in the appeal. If you desire to appeal, I do not represent you in the appeal. If your case results in a mistrial, I do not represent you in the new trial of your case. I am happy to continue representing you in your legal endeavors, but it is imperative that you understand the limits of my representation.

## LEGAL ADVICE

As part of this agreement you have hired me to give you legal advice. You are paying for this advice. If you do not follow my instructions and advice, that will be a breach of this agreement and may permit me to withdraw as your attorney. We can discuss all aspects of your case at any time you desire. We can address the possible results of any direction you decide to take in your case. When I give you advice, you should take it. For example, in a domestic relations case, you may be obligated by court order to pay money to someone. If you don't want to pay it, and if I advise you to pay, you should pay. If you do not, I may withdraw.

_(initials)_

4

## NO PROMISES OR GUARANTEES

You agree that I have made no guarantee regarding the outcome of any part of your case. I have or will give you my opinion as to your chances of success based on my knowledge and experience, but I am prohibited by the State Bar of Georgia from giving guarantees as to how our case will turn out.

## RIGHT TO WITHDRAW

I have indicated above some of the reasons that I might withdraw from your case. I can withdraw from your case at any time, and the decision to withdraw from your case is solely within my discretion. In addition to a discretionary withdrawal, I will withdraw immediately if any of three (3) things happen: 1) You fail to make payment as required; 2) I determine that you have lied to me; 3) you fail to keep in touch with me.

Likewise, you can discharge me at any time for any reason. If you do, you will be required to pay for the time expended to turn over the files(s) and other information to you or your new attorney and for the time and costs if I must proceed to court to obtain permission to withdraw. In any of these events, you will execute such necessary documents as will permit me to withdraw.

## JUDICIAL AWARD OF ATTORNEY'S FEES

The court may order your adversary to pay part or all of your attorney's fees and costs. Such awards are totally unpredictable. You will remain totally responsible for payment of all fees and costs. Any amount received from a third party as the result of a court order will be credited to your account or refunded to you if I have already been paid in full. If I have not been paid in full, you will be required to pay any feed owed regardless of whether the adversary or third party has paid any portion of my fee.

## CASH SETTLEMENT(S)

In some circumstances, the adverse party may pay settlement monies to resolve a case. You agree that all settlement monies shall be paid to my office and that I will deposit those sums to my escrow account. Should you receive any cash settlements as part of your case, you give me the authority to pay myself any balance you owe me out of this money before transferring the balance to you, if any balance remains.

## LIEN

I will have a lien on all of your documents, property, or money in my possession for the payment of all sums due me from you under the terms of this agreement. In addition, I am entitled to a charging lien ensuring that if I elect, payment to me will come from any money you receive as part of the settlement of the issues in your case.

_(initials)_

5

## RESPONSIBILITY FOR COLLECTION FEES

I will sue you if you do not pay the full balance of the fees you owe me. When I do sue you, or if I chose another method to collect the fees from you, you will be responsible for court costs and reasonable attorney's fees, including payment of my normal hourly rate if I represent myself.

## YOUR AUTHORIZATION REQUIRED FOR SETTLEMENTS

I will not accept a settlement that resolves a case you are involved in without your approval.

## STAY IN TOUCH

I prepare every case as though it WILL go to a jury trial. I will decide whether your case should be tried before a judge in a bench trial or whether your case should be tried before a jury. I will tell you about any offers (criminal and civil). I will negotiate that for you to the best of my ability. If you do not accept the offer, it can be revoked. It is your responsibility to determine whether you will accept the offer. If you do not accept the offer, you agree that you want to have your case go to trial.

I will begin preparing for trial when I make the announcement in your case that we are ready for trial. This is different than making an announcement that your case will be resolved with by a settlement or plea. Once the announcement is made that your case is ready for trial, you will owe a separate trial retainer. The trial retainer shall be paid PRIOR to trial. If it is not paid, I will withdraw from your case and you will have to try your case on your own. I will not present your case if the trial retainer is not paid (if any trial retainer is required at all).

You have a responsibility to keep yourself informed of any updates in your case. It may be appropriate for you to call me or my staff periodically to see if there are any updates. Before calling my office, please look up your case online in the county where you case is pending. Most information about your case is available online. In criminal cases, if you do not appear for a required calendar call, a warrant may issue for your arrest. My office will make every attempt to contact you prior to any court date that you are required to appear at. If you fail to appear to a civil case, judgment can be entered against you if your are the defendant, or your case can be dismissed if your are the plaintiff.

## NO AFTER HOURS TELEPHONE CALLS

My office hours are Monday through Friday from 8:30am to 5:30pm. In some circumstances I forward office telephones to my personal mobile telephone. If I answer your call after hours, I will bill your account at a minimum of $90.00, even if the call only lasts thirty (30) seconds. Clients are always encouraged to email me at jkent@thekentlawgroup.com.

_(initials)_

6

## KEEPING YOU INFORMED / PROVIDING UPDATES

I will provide information to you about your case and update you at my sole discretion. You have retained me to take over your case and to handle all aspects of it, which means that you have relinquished a great deal of control to me to handle the matter for you. As such, you may not know every small detail or occurrence as you would if you pursued the matter yourself. I prefer instead to provide reasonable updates when available, and I prefer to email or text you updates when I deem them appropriate. But there will be no timeline or deadline for when updates are provided to you. I encourage you to email me in 45-day intervals to request updates if you require an update and have not received one during that time period. If there is no update, I will not contact you to tell you there is no update. If something trivial has occurred in your case, I will not contact you to explain that something trivial has occurred. If you hire a builder to build a house for you, that builder will not contact you every time a new board goes up or a window is installed. Your signature below expressly acknowledges this.

## SERVICE OF PROCESS ISSUES

Lawyers file lawsuits, litigate cases, try cases to juries, negotiate resolutions and try to get judgments. I do not perform private investigator services and I do not hunt or track people down. If you do *not* have a valid address for the defendant where that defendant can be served, you will be obligated to pay *additional fees* to third parties to try to find the defendant you wish to sue and/or serve. Often, service is not an issue. But when it is an issue, it can prevent a case from moving forward. No lawsuit can proceed unless and until the Defendant is properly served. All efforts used by attorney for the purpose of coordinating service or find defendants through third parties is time you are paying for. This can be frustrating. Only after attorney has exhausted all efforts at service can other methods for service be attempted. The retainer you as a client pay does not cover any and all efforts to effectuate service because a retainer is not a flat fee. The retainer covers only a preset period of time billed as set forth herein above. Client acknowledges that client is responsible for all costs associated and will advance any fees necessary to attorney for the purpose of finding and attempting service, if such becomes necessary.

## SPECIAL PROVISIONS

*Client acknowledges that the fee shown above is not a flat fee and that client may be obligated to pay additional sums to keep attorney retained in this case. Representation is limited to this case and this case only. This is an appeal. It likely will not move quickly through the courts. Client acknowledges that attorney cannot have this case specially set and that attorney will not attempt to do so. Client recognizes that the filing of an appeal merely sets matters in motion that will ultimately lead to a bench or jury trial in State or Superior Court. Client further recognizes that additional fees may apply if the other party demands a jury trial, and that all such additional fees shall be promptly paid or attorney shall be permitted to immediately withdraw.*

_(initials)_

7

By signing below, you are agreeing that you have read and understand this contract and agree to all terms contained herein.

_Lisa Brittian_
Client    (signature)

_Lisa Brittian_
Name (printed)

Telephone : 229·633·3703

Email: blatreass@yahoo.com

Mailing address:

P.D. Box 90021
*Street address*
Atlanta  GA  30364
*City, State, Zip Code*

8

_____ *(initials)*

# EXHIBIT B

| Lisa Brittian | Time Log |
|---|---|
| Case: | Appeal from Cobb Mag judgmen, client wa unrepresented and lost, desires to appeal; case concerns money a consignment boutique withheld for no reason and other issues |
| Date of Hire: | 2-6-2023 |
| Intial Retainer: | $3,000.00 |
| Magistrate Court File Number: | 22-J-06679 |
| State Court Appeal Number: | 23-A-2187-2 |

| Date | Event | Time *<br>0.xx = minutes<br>x.00 = whole hours | Retainer Credits |
|---|---|---|---|
| 2-6-23 | Met client at Wholefoods, discussed case, reviewed documents following initial consultation via telephone (no charge for telephone consult) | 0.45 | $3,000 |
| 2-6-23 | set up file in office, scanned all documents, made notes about deadline to file appeal | 0.3 | |
| 2-6-23 | researched the Defendant's business, website, etc., tried to verify some of what client told me about various things posted on Defendant's site (like refunds policy or absence of a refund policy, etc) | 0.3 | |
| 2-8-23 | Began drafting notice of appeal, added draft to client file | 1.3 | |
| 2-9-23 | Called clerk's office, verified appellate fee, wanted to see whether this was a fee that could be paid online (whether they offered that option yet) or whether it had to be paid in person; clerk said it had to be mailed, so I elected to personally deliver given the time constraints and wanting to ensure that it was properly paid and applied | 0.45 | |
| 2-9-23 | Finalized notice of appeal; convert to pdf; upload and file to clerk's site, save proof of filing and other reciepts to file | 2 | |
| 2-9-23 | Received text from Client requesting update; replied within minutes (3 total texts from client); notified client via text that I would personally drive to Cobb tomorrow to pay the appellate fee. | 0.3 | |
| 2-10-23 | Personally drove to Cobb County to pay client's appellate fee; left office at 11:30am, arrived 1:00pm | 1.3 | |
| 2-10-23 | Met with clerk at window, discussed case and appeal fee, paid fee, waited in office for the fee and appeal to be processed | 1 | |
| 2-10-23 | Texted client while waiting and sent her a copy of the receipt and check showing that the appeal fee was timely paid | 0.15 | |
| 2-10-23 | Returned to office from Cobb after paying the appeal fee for client; added copies of receipt and check to client's file | 1.45 | |
| 2-10-23 | Efile system generated and sent me an email confirmation indicating that the appeal notice had been properly received; reviewed and saved to client's file | 0.15 | |
| 2-17-23 | Received 2-16-23 email from client requesting copy of agreement; read and reviewed; emailed copy of agreement to the client | 0.15 | |
| 5-16-23 | Received concerning email from client about the appeal.  She claims that the appeal was not filed, which is completely false.  Her email is dated 5-16-23, sent at 10:19 am, titled, RE: Appeal Not File [sic] (22-J-06679). This is disconcerting because she is wrong and I don't know who she talked to or what they told her. Stopped all other office work to look into this.  Reviewed file to ensure that everything was properly filed on time and that I had even given client proof showing that the appeal was filed and the fee was paid. All seems in order based on the file.  Will need to call client. | 1 | |
| 5-16-23 | Immediately emailed client back within the hour after receiving her email; reminded her that I have the PROOF that everythign was timely filed.  I suspect that the clerk/court just hasn't yet processed the appeal. | 0.15 | |
| 5-18-23 | Called client; she was very irate and I even asked her why she was mad at me since I had done exactly what I was supposed to do; she replied that she didn't know who to be mad at but that someone was to blame (or words to that effect); Client repeatedly expressed that she knew what the clerk had told her, none of which sounded accurate.  Client demaned a written response to her email and I explained that I had already replied and would call the clerk to see what was going on. | 0.3 | |
| 5-16-23 | Contact court regarding client's concerns, discuss their concerns about her call to them, talked to clerk about filings, they confirm everythign timely filed; they transfered me to accounting who said clerk had just sent it to them and they were processing it; accounting verified everything timely filed and that they were processing as usual; said should be docketed in State Court in the coming days | 1 | |
| 5-30-23 | Received and reviewed mail from court; they've set a PRE TRIAL date for August; noted calendar.  Ensured that the notice was for a pre-trial only and not for an actual trial; notice requires that a pre-trial date be submitted, can be done mutually 3 days prior to hearing to avoid, but it's unlikely that the other side will do so, so most likely we'll have to be in court | 0.3 | |
| 5-30-23 | Emailed copies of the pre-trial notices to client for her records, explained what a pre-trial is and what would possibly happen | 0.3 | |
| 5-30-23 | received and reviewed client's response to my pre-trial email to her. | 0.15 | |
| 5-31-23 | Received and reviewed client's email terminating my representation.  Additional claims she made are that I am dishonest and that filings thus far are suspicious.  Reviewed file to try to determine what she means. Finalize time sheet.  Reply to her email. | 2 | |
| 5-31-23 | Draft and file Notice of Termination / Motion to Withdraw | 1 | |

| | | |
|---|---|---|
| TOTAL time as of 5-31-2023 | 17 hours 45 minutes | |
| Total of all time at $250 per hour (rounded down to 17 hours) | $4,250.00 | |
| TOTAL OF ALL RETAINER PAYMENTS | $3,000.00 | |
| BALANCE OWED BY CLIENT : | $1,250.00 | |

* times as shown are the actual minutes billed in 15 minute incriments as per the signed Legal Services agreement.

Every .60 minutes equal a whole hour.
.15 is 15 minutes
.30 is 30 minutes
.45 is 45 minutes
whole hours are expressed as whole numbers (1, 2, 3, etc)

# EXHIBIT C

# DUPREE, KIMBROUGH & CARL, LLP

ATTORNEYS AT LAW

49 GREEN STREET ♦ MARIETTA, GEORGIA 30060
TELEPHONE: 770-424-7171 ♦ FACSIMILE: 770-424-0644
WWW.DUPREE-LAWFIRM.COM

Hylton B. Dupree, Jr., P.C.
M. Scott Kimbrough, P.C.
Blake R. Carl, P.C. (Also admitted in SC)

Mailing Address:
Post Office Box 525
Marietta, Georgia 30061

## RETAINER AGREEMENT

**BETWEEN:** DUPREE, KIMBROUGH & CARL, LLP, a limited liability partnership.

**AND:** _____ Lisa  Brittian _____ (Client)

**MATTER:** You retain Dupree, Kimbrough & Carl, LLP (hereinafter "**DKC**") on the
following matter: _____ Lisa  Brittian _____ v.
_____ Alexis' Suitcase, Inc. _____ ; _ Cobb _ County.
No appellate work is covered by this Retainer Agreement.

**REPRESENTA-** **DKC** and its attorneys will use their best efforts to represent you in this
**TION:** matter. You understand, that **DKC** cannot and does not give any assurances,
warranties or predictions regarding the outcome of any case. The end result of
litigation cannot be predicted.

**ATTORNEY IN** _____ Blake R. Carl _____ will be the attorney in
**CHARGE:** charge of this matter. We utilize a team approach to the practice of law. Other
attorneys, paralegals, legal assistants, or contract lawyers at the professional
discretion of the attorney in charge, may perform services in your case.

**HOURLY** The client specifically agrees to pay **DKC** for any such services rendered at
**RATES:** the hourly rate of:

$495.00 per hour for attorney Hylton B. Dupree, Jr.
$425.00 per hour for attorney M. Scott Kimbrough
$400.00 per hour for attorney Blake R. Carl
$140.00 per hour for paralegals

**INITIAL** **Option 1:** You agree to pay **DKC** the sum of $ _ 3,000 _ as a
**RETAINER AND** retainer on fees and costs. $ _____ of this retainer will remain in
**COSTS:** **DKC's** escrow account until your case is completed and will be applied by
**DKC** to pay any balance due for services and expenses when your case is
finalized. The remaining $ _ 3,000 _ of this retainer will be deposited
into **DKC's** operating account to begin your legal representation. All other fees
and costs will be due and payable at time of billing.

**Option 2:** You agree to pay **DKC** an initial deposit in the amount of

# EXHIBIT D

## Re: Appeal Not File (22-J-06679)

From: Jesse Kent (jkent@thekentlawgroup.com)

To:      blatreass@yahoo.com

Date:  Tuesday, May 30, 2023 at 10:57 AM EDT

Attached is the Notice of Pre-Trial hearing in your case. These documents are simply for your file. It appears that the clerk finally processed the appeal.

**Pre-Trial is NOT A TRIAL.** It is a procedural mechanism whereby the parties, where pro se, or lawyers attend a hearing and let the court know what the parameters of the case are. I have to submit a pre-trial order before this hearing which will outline the case, declare witnesses, provide a verdict form, etc. Typically lawyers do this together, even if on opposing sides, but I'm doubtful that Alexis Suitcase will comply, thereby forcing me to attend this hearing regardless.

I suspect the hearing and travel time will take about 4 or 5 hours, depending on how many other cases are called in that day. Only after the hearing will the court set a trial date, and we may not know of that trial date for some time.

On Tue, May 16, 2023 at 11:22 AM Jesse Kent <jkent@thekentlawgroup.com> wrote:

See prior email response. This email confirms that I not only called you today but I also emailed you a prompt response.

In our telephone conversation, I indicated to you that I had timely and properly filed all of the necessary paperwork to facilitate the appeal you hired me to address. I also indicated that I had likewise timely paid the appeal fee. I reminded you that I had previously provided you proof that I had done all of this and that it was all done in a timely fashion. Your demeanor seemed very angry, and it seemed like a lot of that anger was being directed at me, even as I tried to explain to you I had done LITERALLY everything a lawyer can and is supposed to do to facilitate an appeal from Magistrate Court to State Court. Several times in the conversation you interrupted me to tell me that what I was saying wasn't true, and you insisted that I listen to the information you had obtained from the clerk's office. You even exclaimed that you wanted a response to your earlier email and I reminded you that I had already done that and that I was looking into your concerns. We closed the conversation after I indicated to you that I simply needed to call the clerk's office to see what information they'd share with me, and we hung up. I then called Cobb county.

I can tell you that based on my conversation with Cobb County, two things are apparent:

1 - everyone I talked with was well aware that you had called -- at least two people I talked with BOTH recalled vividly that they had talked with you. I prefer that if you have concerns that you address those with me first. Calling the clerks and talking to the court when you have a lawyer representing you always leads to problems - you may misunderstand things, or, worse, you may inadvertently make someone in the courts do something we don't want to have done. I have withdrawn from representation in the past when clients do this, so please just address concerns through me since I'm representing you.

2 - I suspect that the clerk's office dropped the ball on this appeal BUT IT APPEARS now that everything is moving forward as it should. My guess is that they simply overlooked it. I talked with the clerk and with accounting. All have said that the case is in the appeal process. I have no idea why they told you something different.

As a final note, let me mention this: I cannot control clerks or any government employee. I don't work for them and they don't work for me. But I have found that patience and kindness when dealing with them typically goes a long way. Appeals take a long time. There is a lengthy procedure that is followed, generally, and then the case has to get on calendars and get called for a trial. It will not happen overnight. Three months to process the appeal (as is happening in your case) is the shortest I've seen - Gwinnett takes about 5 or 6 months, and then it's 3 years before it's called to a trial (though if everyone agrees to a bench trial it can sometimes move more quickly).

Re: Appeal Not File (22-J-06679)

From:  Jesse Kent (jkent@thekentlawgroup.com)

To:     blatreass@yahoo.com

Date:  Wednesday, May 31, 2023 at 12:03 PM EDT

I understand that you have fired me and I will file the appropriate documents needed to facilitate my withdrawal. Unfortunately, it is not as simple as filing the notice you claim I should file. I actually have to file a Motion and wait for the court to file an ORDER permitting my withdrawal. Alternatively, you can hire new counsel and they can file a substitution that would eliminate my need to do so; as that does not appear to be the case, I'll have to file the Motion and wait for the order, which could take days or weeks to receive.

This will create an issue for you and you should be aware: You alone, or your new lawyer if you hire one, now have the responsibility to do everything in your case. I have explained what a pretrial is, but the notice I emailed you requires you to file certain documents with the court before the pre-trial date. That means you alone will have to communicate with opposing counsel to file the appropriate documents and do so on time. If you don't, you alone will have to attend the hearing and be prepared to address the court, the court's concerns, and be prepared to provide what the court needs at that time. PRE-TRIAL IS *NOT* A TRIAL - it is pre-trial and is a required procedure in State and Superior Court, though they all do it a bit differently.

I have attached to this email a copy of my time log in your case. I routinely keep this in most files, particularly appeals. You'll see that it details all the activity I undertook in your file and the time that each such activity took to complete. The total hours came to 17.45. The total bill, calculated at $250 per hour came to $4,250 (after I rounded down to 17 total hours instead of 17.45). That leaves a balance of $1,250.00 owed. As such, I respectfully cannot make any refund and on review of your contract (emailed to you previously), the initial retainer was non-refundable anyways.

You are in a good position for your appeal - it is right where it is supposed to be.

If I may, I'd like to respond to your other allegations in your last email.

You said you found it **"suspicious that the court did not include the mailing addresses for the opposing party attorney, [you], and Alexis Suitcase."** The court has their addresses. A simple review of the court's docket clearly shows that the court has their addresses. Just because those addresses are not shown on the notice I received does not mean that the court did not also mail copies to the Defendant's lawyer. I am confident the court mailed notices to counsel, as is appropriate. Cobb State court likely only mails notices to counsel, where counsel is involved. Cobb State court likely *does not also* mail notices to the parties when they're represented. I see no issue with what was mailed, the docket, the addresses on file, etc. I've attached the docket from Cobb to prove, again, that everything is in order.

Your next concern claims to be **"the suspicious improper filing of my case with the Cobb County clerk/accounting office."** I addressed this with you previously via email and via telephone call. Nothing was improperly filed. The only reason your appeal is proceeding is because I quite literally filed everything properly and timely. There was absolutely nothing improper done - the docket proves this, the filings prove this, the filed-stamp dates and times prove this, and my file reflects all of this. What's more, you were notified each time I filed something and you were given copies of the receipts while I was literally at the courthouse in person paying the appellate fee - I sent you the receipt the same day I paid it to the clerk. There is no issue with the filings or timeliness of those filings.

Your next concern was that you felt that I **"scold[ed] [you] like a child telling me not to call the courts about my case, to let [your lawyer] handle it."** I apologize if you interpreted my email that way, but that was not my intent; and, frankly, I recall vividly that you were less than pleasant when I called you after your email about the appeal. I am a very direct lawyer and I do not dance around issues. I prefer to simply be up front, direct and honest, and I was just that in my email to you. It is not appropriate for represented clients to contact other parties, their lawyers, the clerks, or the judges or their staff. As you can see, it can lead to considerable confusion (ie, there was nothing wrong with your appeal, yet *you* came away from your call with the clerk with a completely different understanding that *I* came away with after I called them). Other problems arise when clients make such contact, and, as I mentioned, I have withdrawn from representation in the past because I consider it such a grave encroachment. Nonetheless, after my withdrawal, it will be your responsibility alone to navigate the State Court's requirements leading up to trial, and that may now actually obligate you (since you won't have a lawyer) to make some contact with the other lawyer or the court.

You claimed that I am a "**dishonest lawyer**". **I take considerable exception to that blatantly false accusation.** If I may be very blunt about this: I have been nothing but honest and transparent. I have shown you proof of everything that I have done. Your appeal is processing only because I did exactly what you hired me to do just as I said I would. I have not mislead you, I have promptly responded to all your texts and emails and telephone calls, and I have done everything you asked me to do. I will maintain a copy of your file for my records specifically to refute any future claims you may make, though I trust with my firing your concerns are now resolved.

**ONE FINAL THING**: I will file the Motion to Withdraw today. The court is NOT obligated to grant it (but I suspect they will). And there is no deadline by which they have to grant it. That means it is entirely possible that by the time your pre-trial conference comes around in August, I may still be the attorney of record in your case. As I mentioned above, you can hire new counsel and they can substitute in for me and this problem will be no more. But if I am not permitted to withdraw and if the pre-trial conference is approaching, I'll be obligated to continue to work on your file until a substitution is filed or until the court permits my withdrawal. And if I have to continue working on your file, I'll have to add to the balance shown on the time log, attached. Accordingly, I strongly encourage you to retain alternate counsel and have them file a substitution of counsel, but you're free to represent yourself again if you prefer.

I wish you the best of luck with this appeal and all your future endeavors. Be well.

On Wed, May 31, 2023 at 8:02 AM Latreass Brttian <blatreass@yahoo.com> wrote:

Good morning,
I've reviewed your email dated May 30, 2023. After careful review, of the documents you provide me. I find it suspicious that the court did not include mailing addresses for the opposing party attorney, me, and Alexis Suitcase for the upcoming hearing in August of 2023. Then, the suspicious improper filing of my case with the Cobb County clerk/accounting office and your response, scolding me like a child telling me not to call the courts about my case, to let you handle it. That is not what your contract states. Therefore, I know its best I fire you. I DO NOT TRUST YOU. I do not believe anything that comes out of your mouth. Please send me a detailed account of the three thousand dollars I have already paid you. I trust you will make the correct deductions and return the rest of my money withing 7 days after receipt of this email. Please send a written termination letter to the courts ASAP! I will not pay a dishonest attorney. I am dissatisfied with you and your alleged client legal services. Please do not call me, if you need to communicate with me, please do so in writing. Please send my refund to this mailing address LISA BRITTIAN , P.O. BOX 90021 ATLANTA, GA 30364, by June 8, 2023.

On Tuesday, May 30, 2023 at 08:04:22 AM PDT, Latreass Brttian <blatreass@yahoo.com> wrote:

I am currently out of town, I am not sure about a PRETRAIL, was not prepared for this. I will review this and get back to you.

On Tuesday, May 30, 2023 at 07:57:45 AM PDT, Jesse Kent <jkent@thekentlawgroup.com> wrote:

Attached is the Notice of Pre-Trial hearing in your case. These documents are simply for your file. It appears that the clerk finally processed the appeal.

**Pre-Trial is NOT A TRIAL.** It is a procedural mechanism whereby the parties, where pro se, or lawyers attend a hearing and let the court know what the parameters of the case are. I have to submit a pre-trial order before this hearing which will outline the case, declare witnesses, provide a verdict form, etc. Typically lawyers do this together, even if on opposing sides, but I'm doubtful that Alexis Suitcase will comply, thereby forcing me to attend this hearing regardless.

I suspect the hearing and travel time will take about 4 or 5 hours, depending on how many other cases are called in that day. Only after the hearing will the court set a trial date, and we may not know of that trial date for some time.

On Tue, May 16, 2023 at 11:22 AM Jesse Kent <jkent@thekentlawgroup.com> wrote:

See prior email response. This email confirms that I not only called you today but I also emailed you a prompt response.

In our telephone conversation, I indicated to you that I had timely and properly filed all of the necessary paperwork to facilitate the appeal you hired me to address. I also indicated that I had likewise timely paid the

# EXHIBIT E

tacos, cheap dinner, Ma    Gwinnett County, GA    Yelp for Business ˅    Write a Review

Restaurants ˅    Home Services ˅    Auto Services ˅    More ˅

# The Kent Law Group

2.4 (8 reviews)

Unclaimed ⓘ • Personal Injury Law, Criminal Defense Law, Divorce & Family Law    Edit

Open  9:00 AM - 5:00 PM    See hours

Write a review    📷 Add photo    ⬆ Share    🔖 Save

## Photos & videos

See all 4 photos →

   

## Services Offered    Verified by Business ⊘

Health, injury and disability

Divorce law

Criminal defense

Family law

## You Might Also Consider    Sponsored ⓘ



**Sekle Family Law**

Are you facing family legal challenges that demand a compassionate and experienced attorney by your side? At Sekle Family Law Firm, we specialize in family law and are committed to safeguarding your family's well-being through every... **read more**
In Divorce & Family Law



**Kathryn L Harry & Associates**

⊙ **20.0 miles away** from The Kent Law Group

Experience and compassion are our trademarks. We build a bridge from your old life to your new life, whether you are facing a divorce or have been arrested. Our skilled attorneys and staff will help you navigate the confusing laws... **read more**
In Criminal Defense Law, Dui Law, Divorce & Family Law



**Merck Law**

⊙ **16.7 miles away** from The Kent Law Group

Free Injury Case Consultation - Call Now - Experienced Injury Law Firm - Car Accident Injury Attorneys - Team Experienced Recovering Millions of Dollars **read more**
In Personal Injury Law

## Location & Hours



**154 Stone Mountain St**    Get directions
**Ste 204**
Lawrenceville, GA 30046

| | |
|---|---|
| Mon | 9:00 AM - 5:00 PM |
| Tue | 9:00 AM - 5:00 PM |
| Wed | 9:00 AM - 5:00 PM |
| Thu | 9:00 AM - 5:00 PM |
| Fri | 9:00 AM - 5:00 PM    Open now |
| Sat | Closed |
| Sun | Closed |

✏ Edit business info

## Ask the Community

Ask a question  +

Yelp users haven't asked any questions yet about **The Kent Law Group.**

## Recommended Reviews

ⓘ  **Your trust is our top concern,** so businesses can't pay to alter or remove their reviews. Learn more about reviews.    ✕

**Queen G.**
Atlanta, GA
📷 0  ➕ 63

Select your rating

Start your review of **The Kent Law Group.**

**Overall rating**

⭐⭐⭐

8 reviews

| | |
|---|---|
| 5 stars | |
| 4 stars | |
| 3 stars | |
| 2 stars | |
| 1 star | |

Search reviews    🔍

( Yelp Sort ⌄ )  ( 1 star ⌄ )

1 star (5 reviews)    Clear filter

**Clara C.**
Atlanta, GA
📷 421  ➕ 92  📷 23

⭐⭐⭐⭐⭐ 7/26/2023

Jesse is not diligent, competent, or professional in any way. Trust these other reviews and run.

💡    👍    ♥    😃
Helpful 1    Thanks 1    Love this 0    Oh no 0

**Aaron D.**
Downtown, Atlanta, GA
📷 0  👍 3

2/12/2023 · 🔄 Updated review

I rarely write reviews and only do so when the service is exceptional or absolutely horrendous. Unfortunately, my experience with Jesse and his firm was by far the worst I have ever had with an attorney! After Jesse received the $1,500 retainer, he did very little work on my case. I called him twice (once a week) for updates on my case, and both times he spoke to me in a very condescending and patronizing manner. He blatantly told me not to call him and that he'd call me with updates, only he never did despite the time sensitive nature of the matter. It appears after he took my money, he simply didn't want to be bothered. This practice, however, doesn't appear to be an anomaly and is consistent with other reviewers' experience.

Jesse failed to resolve my matter so I had to resolve it myself. Yet, when I requested a refund and alerted him that I will be writing a negative review, he not only threatened to sue me if I wrote a review, but he also concocted a lie that my wife and I physically threatened to harm him, which could not be further from the truth. My wife and I are far from violent people, but because Jesse had absolutely no leg to stand on he made up a lie about being physically threatened to, I presume, scare and prevent me from writing this review.

When that didn't appear to work, He threatened to pursue legal remedies if I posted a negative review about him or his firm. Jesse then offered me a refund of $750 if I didn't write the review which I declined and requested $1000 because I didn't believe he had done even $750 of work on my case. Jesse refused and claimed my right to request a refund is extortion even tho it was his idea to offer $750 in exchange for waiving my constitutional right to write a review. A claim he knows is absolutely bogus.

I have never encountered a less unprofessional, attorney than Jesse. He is arrogant, rude, extremely condescending and a horrible attorney.

I anticipate Jesse will respond to my review and lie about the facts to fit his self-serving narrative because that is precisely who Jesse is.

It goes without saying that I would not recommend him to my worst enemy and that is putting it nicely. I also plan on reporting his behavior to the Bar so that other people don't share my experience.

      

Helpful 2    Thanks 0    Love this 0    Oh no 0

1/13/2023 · Previous review

I rarely write reviews and only do so when the service is exceptional or absolutely horrendous. Unfortunately, my experience with Jesse and his firm was by far the worst I have ever had with an...
Read more

**Frankie R.**
GA, GA
📷 0  👍 2

4/28/2023

Jesse is rude, condescending and very unprofessional! Stay away from him and his firm.

      

Helpful 0    Thanks 0    Love this 0    Oh no 0

**Kousee L.**  Elite 2023
Norcross, GA
📷 467  👍 434  📸 1022

7/11/2019

Warning ... these guys are a bunch crooks in suits!!

-this was 3 years ago-

## Reach out to other businesses

This business has not enabled messa on Yelp, but you can still contact othe businesses like them.

Start request

thekentlawgroup.com

(678) 928-9376

Get Directions
154 Stone Mountain St Ste 204
Lawrenceville, GA 30046



### Is this your business?

Verify to immediately update business information, respond to reviews, and more!

Verify This Business

### You Might Also Consider
Sponsored ⓘ



**JMG Law Firm**
16.2 miles

We are committed to providing you with support eve the way. We pride... read more



**The Law Office of Adebimp**
8.3 miles

Specializing in: - Immigration Law Attorneys - Attorne Attorneys -... read more

My brother got hit by a drunk driver and Jesse Kent seemed to have good reviews on that lawyer website so we decided to hire him to represent my brother. It was a head on collision and the other driver was clearly intoxicated. We should of won that case and have all hospital expenses paid as well as some money to cover time loss and trama.

Long story short, he only got $9000 as the settlement and Jesse Kent made him pay for physical therapy out of pocket.. When we asked him what about the money from our case he said use our $9k???? When he got $14k+ from the case and he had to pay so many extra hospital bills and car related issues. Shame on this group. We still hold a lot of resentment to these people. Any lawyers reading this want to help us sue him?? Lol

bottom line : RUNNNN AWAY from this place. Do not get robbed after you've been hurt from an accident or been in pain. Last thing you need is some crook trying to steal all your money. SMH

   

Helpful 3    Thanks 0    Love this 1    Oh no 0

**Nicole M.**
Lawrenceville, GA
🏠 0  📷 5

· · ·

 1/29/2015

review removed per demand for decease and decist letter from the kent law group @
154 stone mountain street
lawrenceville, georgia 30046

*Grievance complaint packet submitted to the State Bar Of Georgia per Attorney Jesse Kent

   

Helpful 1    Thanks 0    Love this 0    Oh no 0

1 of 1

8 other reviews that are not currently recommended ⌄

## You Might Also Consider   Sponsored ⓘ



**Dan Chapman & Associates**
📍 15.9 miles away from The Kent Law Group
Car Wreck, Workers Comp, Big Truck Wreck Attorneys - No Fees Unless We Win Your Case  read more
In Social Security Law, Workers Compensation Law, Personal Injury Law



**Williams Law Group of Georgia**
⭐⭐⭐⭐⭐ 1                                  📍 26.2 miles away from The Kent Law Group
In Real Estate Law, Business Law, Criminal Defense Law

## Browse Nearby

Notaries

Accountants

Coffee

Martial Arts

Private Investigation

Pizza

## Near Me

Civil Attorneys Near Me

Criminal Lawyers Near Me

Divorce Attorneys Near Me

## Related Searches in Lawrenceville, GA

Attorney

## Other Places Nearby

Find more Criminal Defense Law near The Kent Law Group

Find more Divorce & Family Law near The Kent Law Group

Find more Personal Injury Law near The Kent Law Group

## Related Cost Guide

Advertising

Office Cleaning

Private Investigation

21 More Cost Guides ⌄

EXHIBIT F

LISA BRITTIAN
P.O.BOX 90021
ATLANTA, GA 30364
BLATREASS@YAHOO.COM

CERTFIED MAIL# 9589071052700659048665
THE KENT LAW GROUP LLC
REGISTERED AGENT
JESSE COLE KENT
5456 PEACHTREE BLVD #277
ATLANTA, GA 30341
**RE: DEMAND LETTER**
Mr. Kent,

**TAKE NOTICE**, as you know, Jesse  Cole Kent, you scammed me out of $3000, through deception, you committed fraud upon the court, misrepresented your legal qualifications to me, lied, conspired against me in an attempt to sabotage my appeal, harassed me, inflated your bill for false services, refused to participate in the Georgia Lawyer Fee Arbitration program, amongst other things. I want $75,000 for my damages on or before 10-12,2024, if not I will take legal action against you. I can be reached at the address above. I look forward to hearing from you soon.

Respectfully submitted,

Lisa Brittian